IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00221-BNB

WILLIAM HALSTEAD,

   Plaintiff,

v.

KIM L. KITCHEN,
ANN P. KAUFMAN,
FRANK H. BARRON,
PAT BEHAN, and
JOHN DOE, in the individual capacity [and] in their official capacity,

   Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 7 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, William Halstead, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Halstead has filed *pro se* a complaint for money damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1985; 28 U.S.C. § 1343 (a)(3); the Americans with Disabilities Act; and the Rehabilitation Act of 1973. He has paid the $350.00 filing fee.

The Court must construe the complaint liberally because Mr. Halstead is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Halstead will be ordered to file an amended complaint.

Mr. Halstead alleges that he suffers from an unspecified mental disability. He is suing a deputy district attorney; two Colorado Springs, Colorado, attorneys; a psychologist; and the superintendent of the Colorado Mental Health Institute in Pueblo, Colorado, apparently because they were involved in the mental-health evaluation to determine his competency to stand trial. He specifically complains that the deputy district attorney and two Colorado Springs attorneys relied upon the psychologist's evaluation of him to determine his competency. He contends that he has not been provided with adequate psychiatric treatment for his mental disability.

Mr. Halstead apparently disagrees with the basis for his conviction, is attacking his competency evaluation as a means to attack the validity of his conviction, and seeks money damages to compensate him for his allegedly wrongful conviction. He does not appear to have invalidated his conviction because he currently is incarcerated.

The amended complaint Mr. Halstead will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Halstead must clarify which claim is asserted pursuant to which statute. He must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Halstead "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See* ***Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Halstead should be given an opportunity to file an amended complaint that asserts, simply and concisely, the claims he intends to raise, against the defendants he intends to sue. He will be directed to do so below.

Finally, Mr. Halstead is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the

copies necessary for service. Therefore, Mr. Halstead should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Halstead file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Halstead, together with a copy of this order, two copies of the following form to be used in submitting the third and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Halstead submit sufficient copies amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Halstead fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfactionwithin the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 7, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00221-BNB

William Halstead
Prisoner No. 90590
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/7/08

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk