IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00221-ZLW

WILLIAM HALSTEAD,

    Plaintiff,

v.

KIM L. KITCHEN,
ANN P. KAUFMAN,
FRANK H. BARRON,
PAT BEHAN, and
JOHN DOE, in the individual capacity [and] in their official capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 16 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, William Halstead, filed *pro se* on April 18, 2008, a letter to Magistrate Judge Boyd N. Boland asking him to reconsider and vacate the Court's Order of Dismissal and Judgment filed in this action on March 21, 2008, and to appoint counsel to represent him in this action. The Court must construe the letter liberally because Mr. Halstead is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter will be construed liberally as motions to reconsider and for the appointment of counsel. For the reasons stated below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Halstead's motion to reconsider in this action, which was filed more than ten days after the Court's Order of Dismissal and Judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice after Mr. Halstead failed within the time allowed to file an amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Halstead fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court will not reopen this action to allow Mr. Halstead another opportunity to comply with Fed. R. Civ. P. 8. Therefore, the motion to reconsider will be denied. The motion for the appointment of counsel will be denied as moot. Mr. Halstead is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the letter that Plaintiff, William Halstead, submitted on April 18, 2008, to Magistrate Judge Boyd N. Boland asking him to reconsider and vacate the

Court's Order of Dismissal and Judgment filed in this action on March 21, 2008, and which the Court has construed liberally as a motion to reconsider, is denied. It is

FURTHER ORDERED that the request in the April 18, 2008, letter for the appointment of counsel, which the Court has construed liberally as a motion for the appointment of counsel, is denied as moot.

DATED at Denver, Colorado, this 15 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00221-ZLW

William Halstead
Prisoner No. 90590
Arkansas Valley Correctional Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/16/08

GREGORY C. LANGHAM, CLERK

By: /s/ Anye
      Deputy Clerk